Irene White, wife of Rutherford H. Chatters, sustained painful personal injuries on January 28th 1942 in an automobile accident, when a large Buick sedan, which she was driving, collided with a Plymouth Tudor Sedan, driven by one Carl O. Hinz, at the corner of Peniston and La Salle streets in the city of New Orleans. Claiming that the accident is attributable solely to the fault of the driver of the Plymouth car, she instituted this suit to recover damages in the sum of $10,000 against R.J. Tricon, doing business as R.J. Tricon Company, the owner of the Plymouth car, New Amsterdam Casualty Company, his liability insurance carrier, and Carl O. Hinz, the driver of the Plymouth and an employee of Tricon, who was engaged in the performance of his duties at the time of the accident. Her husband, Rutherford H. Chatters, joined as co-plaintiff in the suit and sought recovery for the damages to the Buick automobile and recompense for the medical expenses incurred by him for treatment of his wife's injuries.
Plaintiffs allege in their petition that Irene Chatters was driving the Buick automobile on La Salle street in the direction of the business section of New Orleans at a speed of 20 miles per hour; that, as she approached Peniston street, she retarded the speed of the Buick, sounded her horn and, upon failing to observe any traffic coming from her left on Peniston street, proceeded over the intersection and that, after she had preempted the same and the front of her car had already entered the lower side of La Salle street, the Plymouth automobile, driven by Hinz at a speed of 40 miles per hour, dashed into the intersection from Peniston street and crashed its front section into the left rear fender of the Buick, causing the injuries and damages for which recovery is sought.
The defendants admit the happening of the accident and the agency of Hinz but deny that he was guilty of any fault whatsoever. They assert that Hinz was driving the Plymouth car on Peniston street in the direction of St. Charles Avenue at a very slow speed; that, when he arrived at the intersection of La Salle street, he looked for oncoming traffic; that, upon failing to observe any vehicles on La Salle street, he proceeded over the crossing and that, when the Plymouth car had negotiated approximately three-fourths of the intersection, it was struck a violent blow on its right front wheel and fender by the left front bumper and fender of the Buick car which had come into the intersection suddenly and at a highly illegal rate of speed (in excess of 35 miles per hour). In the alternative, defendants plead the contributory negligence of Irene Chatters as a bar to plaintiffs' recovery.
After a trial in the lower court on the issues above outlined, there was judgment in favor of defendants dismissing plaintiffs' suit. Wherefore this appeal.
The record in the case reveals that the questions presented for our consideration are solely ones of fact. The accident occurred at about 9 a.m. on a clear day at the intersection of Peniston and La Salle streets. Peniston is a one-way paved street, twenty-three feet six inches in width, and accommodates traffic proceeding from Claiborne Avenue in the direction of St. Charles Avenue. La Salle is a two-way paved street, twenty-one feet eleven inches *Page 863 
in width, running from the business section of New Orleans towards the uptown section and is used by traffic travelling in either direction. It crosses Peniston street at right angles.
The physical facts of the case show that the Plymouth car, which was being driven on Peniston Street towards St. Charles Avenue, and the Buick automobile, which was being operated on La Salle street in the direction of Canal street, collided with great force in the intersection; that, after the initial contact of the vehicles, the Buick continued forward into the lower side of La Salle street where it jumped the lower riverside curbing and came to rest against a tree, which is thirty-seven feet from the lower entrance of the intersection, and that the Plymouth was shunted or veered, from its original course on Peniston street, to the left into La Salle street where it stopped in a position parallel to the riverside curbing approximately forty feet from the lower corner of Peniston street.
Plaintiffs produced two eyewitnesses to the accident, viz — Irene Chatters, the injured woman and driver of the Buick car, and another colored woman named Eleanora Harrison. Irene Chatters states, in substance, that she was driving the Buick down La Salle street at a prudent rate of speed; that, when she approached the corner of Peniston street, she slowed down to ten or twelve miles per hour, blew her horn and looked to her left for traffic coming out Peniston street; that, upon observing that the roadway was clear, she proceeded on into the intersection; that, after she had preempted it and had practically completed it (the front end of her car being all the way over and the rear end only three feet distant from the lower curbing), she saw the Plymouth automobile for the first time; that it was speeding into the intersection from Peniston street and that the front of the Plymouth struck the rear left fender of the Buick a violent blow causing it to be knocked forward, and to the right, over the lower riverside curbing of La Salle street into the tree which stopped its forward motion. She further says that, when the Plymouth struck her car, it veered to the left into La Salle street for a distance of some forty feet from the lower end of the intersection where it came to rest parallel to the riverside curbing.
The testimony of Irene Chatters is corroborated by Eleanora Harrison, who is asserted to be a disinterested witness. This woman says that she was walking on the riverside of La Salle street towards downtown; that she saw the Buick car when she reached the corner of Peniston street; that the car slowed down and blew its horn at the intersection; that, as it was proceeding over the crossing and had practically cleared it, the Plymouth automobile dashed into the intersection from Peniston street at a high speed and that the front of the Plymouth crashed into the left rear fender of the Buick, causing it to run into the tree. She further states that she was impressed by the speed of the Plymouth because it suddenly appeared in the intersection just as she was about to step off the curbing into the Peniston street roadway and that she became frightened and stepped back to the curbing.
The testimony of the defense witnesses portrays a vastly different account of the accident. Hinz, the driver of the Plymouth car, states that he, accompanied by Mr. George L. Kostmayer, another employee of Tricon, had been driving on Peniston street in the direction of St. Charles Avenue; that, upon approaching the intersection of La Salle street, he was compelled to drive slowly due to the presence of an automobile and a milk wagon which were parked opposite each other on Peniston street about 90 feet from the corner; that he slowed down to approximately eight or ten miles per hour in passing between the parked vehicles and proceeded on at that speed up to the intersection; that he looked to his left and to his right for traffic on La Salle street and, seeing none, drove into the intersection maintaining the same slow rate of speed; that, when the Plymouth had negotiated about three-fourths of the intersection (the front wheels being then approximately 7 1/2 feet from the riverside curbing), he was suddenly confronted with the presence of the Buick car which was coming into the crossing at a very high rate of speed (at least 40 miles per hour); that the left front wheel, fender, radiator and light of the Buick struck the right front wheel and fender of the Plymouth such a violent blow that it caused the Plymouth to be shunted off its course nearly ninety degrees into La Salle street where it was dragged by the Buick and came to a stop approximately 40 feet from the lower entrance of the intersection in a position parallel to the riverside curb of La Salle street, facing towards downtown. Mr. Hinz corroborated *Page 864 
the fact that the Buick car ran over the riverside curbing into a tree which is situated 37 feet from the lower entrance of the crossing and further stated that the blow administered by the Buick was so violent that it caused the right door of the Plymouth to spring open and that both he and Mr. Kostmayer were immediately hurled out of the open door into the street.
The testimony of Mr. Kostmayer is substantially the same as that of Mr. Hinz and fully supports the latter's evidence in all material particulars.
It will be seen from the foregoing that it is impossible to reconcile the statements of the witnesses for plaintiffs with the opposing testimony submitted on behalf of defendants. The judge of the lower court was evidently of the opinion that defendants' evidence should prevail and we not only fail to detect manifest error in his conclusion on the facts of the case but are convinced that his judgment was eminently correct.
The evidence of Irene Chatters and Eleanora Harrison cannot withstand scrutiny under the light of the physical facts of the case. Examination of the photographs of the Buick car, the course of travel of the vehicles after the initial contact and the place where they came to rest, completely destroys the genuineness of their testimony respecting the manner in which the accident occurred. The pictures of the Buick show that it sustained a violent blow upon its left wheel, fender, headlight and radiator and that its rear left fender and running board is only slightly dented. Irene Chatters would have us believe that the vast damage sustained to the left front portion of the automobile occurred when it struck the tree and that the initial contact with the Plymouth car was upon the left rear fender and running board of the Buick. This statement cannot be given serious consideration for it is apparent to us, from the pictures of the Buick and the damage shown to be sustained by the Plymouth, that the insignificant dents in the left rear fender and running board of the Buick did not result from the initial impact which, according to all witnesses, was violent and occurred while at least one of the cars was travelling at a highly excessive speed.
Viewing the evidence as a whole, we experience no difficulty whatever in resolving that the accident occurred substantially in the manner stated by Messrs. Hinz and Kostmayer. Their testimony concerning the movements of the two automobiles before and after the initial contact is plausible and in accord with the physical facts. In these circumstances, it is not important to determine whether Hinz was entirely free from fault — for, if it be assumed that he was negligent in any particular, plaintiffs' recovery would be barred by the contributory negligence of Irene Chatters. And we entertain no doubt as to her fault, for we believe that she drove the Buick into the intersection at a high rate of speed and without exercising any lookout whatever at a time when the Plymouth had preempted the roadway.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
 *Page 43